2016 ND 181

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Kyle Lynn BAXTER, Defendant and Appellant.**

No. 20140325.

Supreme Court of North Dakota.

Sept. 15, 2016.

Stark County State's Attorney's Office, Dickinson, N.D., for plaintiff and appellee.

Thomas F. Murtha IV, Dickinson, N.D., for defendant and appellant.

PER CURIAM.

[¶ 1] A Stark County deputy sheriff stopped Kyle Baxter's vehicle after observing the vehicle with frost on the windshield weaving, being driven in the opposite lane of traffic, and almost hitting the curb. The deputy noticed a very strong odor of alcohol on Baxter and that he was lethargic and slow to respond to questions. After Baxter failed a field sobriety test, the officer read Baxter the implied consent advisory and asked him to take an onsite screening breath test. Baxter refused. The deputy placed Baxter under arrest, took him to the law enforcement center, again read him the implied consent advisory, and asked him to take a chemical breath test. Baxter again refused.

[¶ 2] Baxter was charged with refusing to submit to an onsite screening or chemical test in violation of N.D.C.C. § 39–08–01(1)(e). Baxter moved to suppress evidence, arguing the criminal refusal statutes violated his rights under the State and Federal Constitutions. The district court rejected Baxter's arguments and denied the motion. Baxter conditionally pled guilty under N.D.R.Crim.P. 11(a)(2), reserving the right to appeal the court's order denying his motion to suppress.

[¶ 3] In *State v. Baxter*, 2015 ND 107, ¶ 6, 863 N.W.2d 208, we recognized *State v. Birchfield*, 2015 ND 6, 858 N.W.2d 302, dealt with criminal refusal statutes relating to chemical tests administered after placing the individual under arrest. We said Baxter refused both the onsite screening breath test and the chemical breath test and the criminal judgment indicated he pled guilty to refusal of the onsite screening or chemical test. *Baxter*, at ¶ 6. We construed N.D.C.C. § 39–20–14(1) to require reasonable suspicion of driving under the influence before a law enforcement officer may request a driver to submit to an onsite screening test. *Baxter*, at ¶ 10. We affirmed Baxter's conviction, concluding:

Here, the record clearly establishes that the deputy had reasonable suspicion, if not probable cause, to believe Baxter was driving under the influence of alcohol. Because a limited *Terry* search based on reasonable suspicion is constitutionally permissible, *see, e.g., State v. Parizek*, 2004 ND 78, ¶ 17, 678 N.W.2d 154, the deputy's request that Baxter submit to an onsite screening test did not run afoul of the Fourth Amendment. Baxter was not forced to submit to the onsite screening test. Rather, he took advantage of the statutory right to refuse the test, and no test was given. As in *Beylund [v. Levi]*, 2015 ND 18, ¶ 24, 859 N.W.2d 403, and in *Birchfield*, 2015 ND 6, ¶ 15, 858 N.W.2d 302, Baxter points to nothing in the implied consent laws that would require him to submit to an onsite screening test in violation of the Fourth

Amendment. Furthermore, the same reasonableness analysis we employed in *Beylund*, at ¶¶ 23–29, and *Birchfield*, at ¶ 5, is equally applicable to criminalizing the refusal to submit to an onsite screening test.

Based on our holdings in *Birchfield* and *Beylund*, we conclude Baxter's rights under the Fourth Amendment and N.D. Const. art. I, § 8, and the unconstitutional conditions doctrine, were not violated in this case.

*Baxter*, at ¶¶ 11–12.

[¶ 4] In *Birchfield v. North Dakota*, — U.S. ——, 136 S.Ct. 2160, 2184–85, 195 L.Ed.2d 560 (2016), the United States Supreme Court held the Fourth Amendment permits warrantless breath tests incident to a lawful arrest for drunk driving, but absent another exception to the warrant requirement, does not permit warrantless blood tests incident to a lawful arrest for drunk driving. The United States Supreme Court concluded that in Birchfield's prosecution for refusing a warrantless blood test incident to his arrest, the refused blood test was not justified as a search incident to his arrest and reversed his conviction because he was threatened with an unlawful search. *Id.* at 2186.

[¶ 5] The United States Supreme Court granted Baxter's petition for writ of certiorari and remanded to this Court for further consideration in light of *Birchfield v. North Dakota*. We vacate our opinion affirming Baxter's conviction to the extent it is inconsistent with *Birchfield v. North Dakota*, and we remand to the district court to allow Baxter to withdraw his guilty plea. Because Baxter's conviction involved refusal of a pre-arrest breath test, which was not analyzed within the holding in *Birchfield v. North Dakota*, we conclude further proceedings in the district court are necessary to develop this issue.

[¶ 6] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.